UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

SEA METROPOLITAN SA of PANAMA                    CIVIL ACTION

VERSUS                                           NO. 09-4238

DGM COMMODITIES CORP. and                        SECTION "N" (3)
COMMODITIES INTL., INC.

### ORDER AND REASONS

Presently before the Court is Plaintiff's "Motion for Reconsideration" of the Court's

prior Order and Reasons denying its motion for security.[1]  For the reasons stated herein, **IT IS**

**ORDERED** that Plaintiff's motion for reconsideration (Rec. Doc.133) is **DENIED**.

Plaintiff submitted its motion for reconsideration pursuant to Rule 59(e) of the

Federal Rules of Civil Procedure.  Relief under Rule 59(e) may be appropriate (1) where there has

been an intervening change in the controlling law;  (2) where the movant presents newly discovered

evidence that previously was unavailable;  (3) to correct a manifest error of law or fact, or (4) to

prevent manifest injustice. *Schiller v. Physicians Res. Group, Inc.*, 342 F.3d 563, 567 (5th Cir.

2003);  *see also, e.g., Rosenblatt v. United Way of Greater Houston,* 607 F.3d 413, 419 (5th Cir.

2010);  *Marseilles Homeowners Condo. Ass'n, Inc. v. Fidelity Nat'l Ins. Co.*, 542 F.3d 1053, 1058

(5th Cir. 2008).  With respect to evidence not previously presented, the Court also considers: (1) the

reasons for the moving party's omission;  (2) the importance of the omitted evidence;  (3) whether

---

[1]      *See* Rec. Docs. 89, 132 and 133.

the evidence previously was available; and (4) the likelihood that the non-moving party will suffer unfair prejudice if the matter is re-opened for consideration. *Lavespere v. Niagara Mach. & Tool Works, Inc.,* 910 F.2d 167, 174 (5th Cir.1990), *abrogated on other grounds by Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075-76 (5th Cir.1994)). *Id.* at 174. Such a motion is not to be used, however, to simply re-hash evidence, legal theories, or arguments that were or should have been offered or raised before the entry of judgment. *Lines v. Fair Ins. Co.*, 2010 WL 4338636, *1 (E.D. La. 10/21/2010)(Engelhardt, J.) (citing *Simon v. United States,* 891 F.2d 1154, 1159 (5th Cir.1990)); *Peterson*, 2002 WL 1268404, at *1 (Rule 59(e) should not be used to re-litigate prior matters that have been resolved to the movant's dissatisfaction).

Considering the parties' submissions and, importantly, the record of this matter, the Court declines to reconsider its prior denial of Plaintiff's motion for security. Plaintiff's motion urges the Court to revisit its determination of whether delivery, for purposes of transferring title pursuant to §4-2-401 of the Arkansas Code Annotated, of the cargo aboard the M/V GLACIER BAY had occurred as of the date Plaintiff attached it in New Orleans.[2] The parties, however, have already presented these issues to the Court, to some extent, a number of times both in writing and orally.

Specifically, as set forth in more detail in Defendants' opposition memorandum (Rec. Doc. 134), the Court has considered Plaintiff's initial motion for attachment, Defendants' motions for vacatur of that attachment, held a status conference and oral argument regarding the motions for vacatur, addressed two motions to stay the orders of vacatur pending appeal, heard oral argument

---

[2]    §4-2-401 of the Arkansas Code Annotated is the version of § 2-401 of the Uniform Commercial Code that has been enacted in Arkansas.

regarding motions to dismiss, as well as a motion to reconsider the vacatur, and granted time for

discovery.[3] Then, following a third oral argument hearing, this time addressed to Plaintiff's motion

for security and Defendants' motions for summary judgment,[4] the Court ordered the parties to

submit supplemental memoranda regarding the effect of § 2-401 of the Uniform Commercial Code

("U.C.C.") relative to Plaintiff's request that Defendants be required to post security. The parties

complied; each side submitted original and reply memoranda.[5] Thereafter, after carefully

considering the parties' written submissions, as well as their oral arguments, the Court denied

Plaintiff's motion for security in a nine-page Order and Reasons.[6]

Now, with its motion for reconsideration, as set forth in its twenty-four page original

memorandum and twelve page supplemental memorandum, Plaintiff re-urges points already made

in earlier submissions, but also asks the Court to consider "**for the first time** an in-depth analysis

of the ways in which "finding that delivery [of the previously attached cargo] occurred [for purposes

of A.C.A. §4-2-401] after [attachment and release of the cargo in] New Orleans is manifestly at

odds with the law and the facts."[7] Significantly, this "in-depth analysis" includes consideration of

several provisions of the UCC, and their purported application to the facts of this matter,[8] that

---

[3]     *See* Rec. Docs. 1-3, 8-9, 12, 11-12, 18-19, 23, 33, 43, and 60.

[4]     *See* Rec. Docs. 89, 92, 95, 112, 115,118, and 124.

[5]      *See* Rec. Docs. 125, 126, 127 and 131.

[6]     *See* Rec. Doc. 132.

[7]     *See* Rec. Doc. 139 (Sealed) (emphasis in original).

[8]     *See* Rec. Docs. 133-1 and 139 (Sealed). In its reply memorandum, Plaintiff asserts,
relative to its motion for security: "the dispute [previously] centered on whether [Defendants']
attempt to delay passage of title beyond delivery was effective, *not* whether delivery had occurred
in Pascagoula and New Orleans. [Plaintiff] tailored its memoranda accordingly, omitting discussion

Plaintiff had not addressed in its prior submissions despite having had numerous opportunities to do so.

Plaintiff has not presented any compelling argument justifying reconsideration of the Court's ruling on its motion for security. It has not, for instance, pointed to newly discovered evidence that previously was unavailable to it, or pertinent jurisprudence decided since the Court took Plaintiff's motion under submission or made its ruling. Rather, Plaintiff appears to seek reconsideration of the Court's prior ruling simply to allow it an opportunity to improve upon or provide additional support for its previously asserted arguments regarding disputed legal and factual matters. Rule 59(e) relief, however, is not available for such a purpose. As stated above, Rule 59(e) is not to be used to re-litigate matters previously resolved to the movant's dissatisfaction. Accordingly, Plaintiff's motion for reconsideration is denied.

New Orleans, Louisiana, this 29th day of March, 2012.

_____
**KURT D. ENGELHARDT**
**United States District Judge**

---

of the numerous ways a finding that delivery occurred after New Orleans would contradict the U.C.C. and the evidence." *See* Rec. Doc. 139, p.2 (Sealed). To the extent that Plaintiff contends the foregoing statements demonstrate that reconsideration of its motion is warranted, the Court rejects any such contention. A review of the parties' prior submissions contains several references to a dispute regarding the point of delivery for purposes of the UCC. Indeed, in its first post-oral argument submission in support of its motion for security, addressing the effect of § 2-401 of the UCC, as enacted in Arkansas, Plaintiff asserts: "[Defendants] appear[] to rewrite its argument (indeed its contracts) to account for the fact that the UCC expressly states that title passes on delivery, by claiming that the suppliers did not deliver the cargo to Defendatns in Pascagoula and New Orleans, but rather at some later point (somewhere in the middle of the ocean)." *See* Rec. Doc. 131, p. 3 and n.4 (Sealed)(citing Rec. Doc. 109-2, p.19).